**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| LAURA GARNER and LAWRENCE ADAMS, individually and as representatives of a class of similarly situated persons, on behalf of the NORTHROP GRUMMAN SAVINGS PLAN,<br><br>        Plaintiffs,<br>    v.<br><br>NORTHROP GRUMMAN CORPORATION, the NORTHROP GRUMMAN BENEFIT PLAN ADMINISTRATIVE COMMITTEE, and DOES No. 1-20, Whose Names Are Currently Unknown,<br><br>        Defendants. | Case No: 1:25-cv-00439-CMH-WEF |

## <u>PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE</u>

On March 11, 2025, Plaintiffs Laura Garner and Lawrence Adams filed their claims against Defendants Northrop Grumman Corporation ("Northrop Grumman"), the Northrop Grumman Benefit Plan Administrative Committee, and John Does (collectively, "Defendants") for breaches of fiduciary duty, and other violations of the Employee Retirement Income Security Act of 1974 ("ERISA") related to the Northrop Grumman Savings Plan (the "Plan"). *Garner v. Northrop Grumman Corp.*, No. 1:25-cv-00439 (E.D. Va.) (Doc. 1) ("*Garner*"). On May 2, 2025, Plaintiffs Brian Clouse, Steven Kawakami, Douglas Hoffelt, and Michael Winkler filed suit against the same Defendants, alleging similar claims. *Clouse v. Northrop Grumman Corp.*, No. 1:25-cv-00767 (E.D. Va.) (Doc. 1) ("*Clouse*"). The parties in both *Garner* and *Clouse* agree that consolidation is now warranted under Federal Rule of Civil Procedure 42(a) and will be the most efficient way to litigate the claims in both matters. Thus, the Plaintiffs in *Garner* and *Clouse* respectfully request that the Court consolidate these related cases, and further request until June 18, 2025, to file a

consolidated amended complaint.[1] Plaintiffs in *Garner* and *Clouse* further request that Defendants be given 30 days from the filing of the consolidated amended complaint to file their responsive pleading, that Plaintiffs be given 30 days to file an opposition brief, and that Defendants be given 21 days to file a reply brief.

## BACKGROUND

As discussed above, on March 11, 2025, Plaintiffs Garner and Adams filed a complaint alleging four counts against Defendants, including claims for breach of the fiduciary duties of prudence and loyalty (Counts 1 and 2); breach of ERISA's anti-inurement provision (Count 3); and failure to monitor fiduciaries and co-fiduciaries (Count 4). *Garner*, Doc. 1. The *Garner* Plaintiffs allege that Defendants violated their strict fiduciary duties under ERISA by using forfeited Plan assets to reduce Northrop Grumman's employer matching contributions rather than pay Plan administrative expenses as is expressly required by the terms of the Plan. *Id.* Defendants filed a motion to dismiss in response on May 23, 2025, which this Court set for a hearing on June 27, 2025. *Garner*, Docs. 19, 21. The *Garner* Plaintiffs' response to Defendants' motion to dismiss is due on June 6, 2025. *See* L.R. 7(F)(1).

On May 2, 2025, Plaintiffs Clouse, Kawakami, Hoffelt, and Winkler filed a complaint alleging similar ERISA violations against the same Defendants, including claims for failure to follow the terms of the Plan (Count 1); breach of Defendants' fiduciary duties of loyalty and prudence (Counts 2 and 3); breach of co-fiduciaries' statutory fiduciary duties of loyalty and prudence (Counts 4 and 5); failure to monitor fiduciaries (Count 6); breach of ERISA's anti-

---

[1] Counsel for the *Garner* Plaintiffs and the *Clouse* Plaintiffs anticipate submitting an application pursuant to Fed.R.Civ.P. 23(g)(3) to be appointed as interim co-lead counsel for the Proposed Class following consolidation and the *Clouse* Plaintiffs will file a similar motion to consolidate in that case.

inurement provision (Count 7); prohibited transactions (Counts 8 and 9); and statutory penalties for failure to provide plan information (Count 10). *Clouse*, Doc. 1. Defendants similarly filed a motion to dismiss in response, which this Court also set for a hearing on June 27, 2025. Docs. 30, 32. The *Clouse* Plaintiffs' response to Defendants' motion to dismiss is due on June 11, 2025. *See* L.R. 7(F)(1).

Pursuant to Federal Rule 15(a)(1)(B), the Garner and Clouse Plaintiffs may amend their complaint as a matter of course on or before June 13 and June 18, 2025, respectively.

## ARGUMENT

Given the material similarities in the allegations made in the *Garner* and *Clouse* complaints, consolidation is appropriate. Consolidating these actions will also allow the Court and parties to most efficiently litigate the pending motions to dismiss, conserving judicial resources.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a); *see also Ochar v. Ameris Bank*, No. 24-0995-CMH, 2024 U.S. Dist. LEXIS 146161, at *4 (E.D. Va. Aug. 15, 2024) ("[A] court may consolidate actions if they involve common question[s] of law or fact."). "Courts have 'broad discretion' to consolidate cases pending in the same district under Rule 42(a)." *Amazon Web Servs. v. Glob. Equity Mgmt., S.A.*, No. 16-619-MHL, 2018 U.S. Dist. LEXIS 234743, at *3 (E.D. Va. Jan. 8, 2018) (citation omitted).

> The critical question when considering a motion to consolidate is "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Ochar*, 2024 U.S. Dist. LEXIS 146161, at *4 (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)). Generally, "judicial economy favors consolidation because it saves time and expenses and avoids the risk of inconsistent judgments." *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 19-80, 2020 U.S. Dist. LEXIS 160144, at *5 (W.D. Va. Sept. 1, 2020).

## I. *Garner* and *Clouse* involve common questions of law and fact.

Here, all parties agree that *Garner* and *Clouse* should be consolidated. The complaints in *Garner* and *Clouse* include substantially similar factual allegations related to Defendants' use of forfeited assets to make employer matching contributions rather than pay Plan administrative expenses. The Plaintiffs in both cases also seek largely the same relief. Consolidation will not cause any prejudice, inconvenience, or delay, or impose additional expenses on the parties. Indeed, *Garner* and *Clouse* are in the same procedural posture with pending motions to dismiss, which differ only in that the motion to dismiss in *Clouse* addresses the additional counts brought by Plaintiffs. Therefore, consolidation is warranted.

## II. Consolidating *Garner* and *Clouse* will serve judicial economy.

Given the similarity between the claims and relief requested in *Garner* and *Clouse*, consolidation will be the most efficient way to litigate these cases. If the cases are not consolidated, there is a significant risk of inconsistent adjudication of the same issues, including those in the pending motions to dismiss, duplicative discovery, and other inefficiencies for both the Court and parties. *See, e.g.*, *Hixson v. Hutcheson*, No. 17-32, 2018 U.S. Dist. LEXIS 21962, at *8–9 (W.D. Va. Feb. 8, 2018) (consolidating cases, and finding that, "if the court does not consolidate the cases, there will exist a significant risk that the parties will be subject to inconsistent adjudication of the same issues, duplicative discovery (and costs incurred in discovery), and a waste of the judicial system's resources"). Consolidation serves the interests of the Court, and will not prejudice any party.

### III.    Filing an amended consolidated complaint will ensure efficiency.

Filing an amended consolidated complaint will allow for efficient litigation, and Plaintiffs are entitled to do so under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B); *see also Sigoloff v. Austin*, No. 23-230-LRV, 2023 U.S. Dist. LEXIS 70023, at *4 (E.D. Va. Apr. 20, 2023). Courts commonly order plaintiffs in consolidated actions to file an operative consolidated complaint, which "relieve[s] the defendant[s] of the obligation of answering each individual complaint." *Mikell v. Tycon Medical Sys.*, *Inc.*, No. 25-19, 2025 U.S. Dist. LEXIS 40990-JKW, at *16 (E.D. Va. Mar. 6, 2025). Here, a consolidated complaint will ensure efficient litigation, including briefing of a motion to dismiss, for both the parties and the Court. Counsel for the *Clouse* Plaintiffs have conferred with counsel for Defendants who agree that, in light of the anticipated consolidation and filing of a Consolidated Amended Complaint, the *Garner* Plaintiffs and the *Clouse* Plaintiffs need not respond to the pending motions to dismiss filed by Defendants in those respective cases.

### CONCLUSION

While Defendants disagree with the allegations in the *Garner* and *Clouse* complaints and as stated herein, Defendants do not oppose consolidation. Defendants further agree to the modified consolidated amended complaint response deadline proposed herein. For these reasons, and without objection from any party, the Court should consolidate *Garner* and *Clouse* and order that a consolidated amended complaint be filed on or before June 18, 2025, that Defendants file a response to the consolidated amended complaint on or before July 18, 2025, that Plaintiffs file on opposition brief on or before August 18, 2025, and that Defendants file a reply on or before September 8, 2025.

Dated: June 5, 2025

Respectfully submitted,

*/s/ Glenn E. Chappell*
Glenn E. Chappell (Bar No. 92153)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
Email: gchappell@tzlegal.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
        lrubinow@millershah.com

James C. Shah
MILLER SHAH LLP
8730 Wilshire Boulevard, Suite 400
Los Angeles, CA 90211
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com

Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: ajberin@millershah.com

*Attorneys for Plaintiffs, the Plan,*
*and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 5, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all counsel of record in this matter.

I further certify that, on June 5, 2025, a copy of the foregoing was separately emailed to plaintiffs' counsel of record in the *Clouse* matter.

*/s/ Glenn E. Chappell*
Glenn E. Chappell (Bar No. 92153)
